UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDEN POND LABS LLC, | ) No. |
| | ) |
| Plaintiff, | ) COMPLAINT |
| | ) |
| vs. | ) |
| | ) JURY DEMAND |
| WHOLE BODY HEALTH; and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

Eden Pond Labs LLC ("Eden Pond") alleges for its Complaint against Whole Body Health and John Does 1-10 (collectively, "Defendants") as follows:

**PARTIES**

1. Plaintiff Eden Pond is a Washington limited liability company with its principal place of business located in Seattle, Washington. Eden Pond is in the business of selling nutritional supplements.

2. Defendants own, operate, and control the entity known as "Whole Body Health," which has advertised, marketed, offered for sale, and sold counterfeit nutritional supplements branded with Eden Pond's trademark and trade dress. Eden Pond is unaware of the true names and capacities of the defendants sued herein as John Does 1-10 and, therefore, sues those defendants by such fictitious names. Eden Pond will amend this complaint to allege their true names and capacities when ascertained. On information and belief, each of the fictitiously-

COMPLAINT -- 1

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

named defendants is responsible in some manner for the acts and omissions alleged herein, and caused the damages alleged herein.

3. The actions alleged herein to have been undertaken by the Defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each of the Defendants is liable. Each of the Defendants aided and abetted the actions of the other defendants, in that each defendant had knowledge of those actions, provided assistance, and benefitted from those actions, in whole or in part. Each of the Defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other defendants.

## JURISDICTION, AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 15 U.S.C. § 1121, and supplemental jurisdiction over the state law claim asserted herein under 28 U.S.C. § 1367(a). The Court has personal jurisdiction over Defendants because they transact business and committed statutory torts within the State of Washington and this District. Among other things, Defendants advertised, sold, and shipped counterfeit product in and to this District. For all of these reasons, Defendants have purposefully availed themselves to this forum.

5. Venue is proper under 28 U.S.C. 1391(b). A substantial part of the events or omissions giving rise to Eden Pond's claims occurred in this District, a substantial part of the property that is the subject of this litigation was offered for distribution in this District, and the claims alleged in this action arose in this District. In addition, Defendants are subject to personal jurisdiction in this District.

COMPLAINT -- 2

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

6. Whole Body Health sells nutritional supplements through Amazon Services LLC's ("Amazon") website accessible at *www.Amazon.com*. On information and belief, as a prerequisite to doing so, Whole Body Health agreed to Amazon's terms and conditions set forth in Amazon's Participation Agreement. In doing so, Whole Body Health agreed to sue and be sued in Washington and that in any such suit, Washington law would govern.

## FACTUAL ALLEGATIONS

7. Eden Pond markets a natural weight-loss supplement known as Raspberry Ketone under its EDEN POND LABS name and trademark. Eden Pond sells its Raspberry Ketone product through an exclusive distributor that sells to end-user consumers through Amazon. In some instances, Eden Pond also sells its Raspberry Ketone product directly to end-user consumers through Amazon. Both sell a 120-count, 247 mg bottle of Eden Pond's Raspberry Ketone product for $29.99.

8. In February 2012, Eden Pond's Raspberry Ketone product was prominently featured on the "Dr. Oz" television program. Soon thereafter, Eden Pond's Raspberry Ketone product became the best-selling raspberry ketone product on Amazon. It remains Amazon's best-selling raspberry ketone product today.

9. Eden Pond's Raspberry Ketone product prominently identifies Eden Pond as the source. Eden Pond's labels are depicted below:



Eden Pond's genuine labels front (left) and back (right).

COMPLAINT -- 3

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

1   10. On February 12, 2013, Eden Pond learned that Whole Body Health had begun selling counterfeit Eden Pond-branded Raspberry Keyton through Amazon. It sold its 120-count, 247 mg bottle of counterfeit Eden Pond-branded Raspberry Ketone for $28.00 – $1.99 less than the price Eden Pond and its exclusive distributor charge for the genuine article.

11. Initially, Whole Body Health's labels were an identical copy of Eden Pond's labels, including Eden Pond's identical trademark and Universal Product Code (UPC) that uniquely identifies genuine Eden Pond-branded Raspberry Keytone product. The labels initially affixed to Whole Body Health's counterfeit product are depicted below:



Whole Body Health's counterfeit labels front (left) and back (right).

12. Believing that the Eden Pond-branded Raspberry Keytone product did not originate from Eden Pond or its exclusive distributor, Eden Pond ordered a bottle from Whole Body Health through Amazon. Upon receipt, Eden Pond determined that the product Whole Body Health had advertised, marketed, and sold indeed did not originate from Eden Pond or its exclusive distributor.

13. Eden Pond and its distributor contacted Amazon and demanded that it suspend further sales from Whole Body Health. Amazon temporarily agreed to do so.

14. Eden Pond also contacted Whole Body Health through *chelseanicole84@gmail.com*, the only contact information for Whole Body Health that Amazon made available. On at least four occasions, it has demanded that Whole Body Health

COMPLAINT -- 4

immediately cease and desist from selling the counterfeit product and stated that if it did not do so, Eden Pond would bring a lawsuit against it.

15.     On February 13, 2013, an unknown person purporting to represent Whole Body Health responded to Eden Pond's emails.  He (or she) did not identify himself (or herself), or make any effort to deny Eden Pond's allegations.  Instead, he (or she) stated he (or she) had asked Amazon to suspend further raspberry ketone sales until it could complete its investigation.  The email stated:

> I have received your emails and we are currently investigating your claims.  In the interests of good will, I have requested that Amazon remove the product from being listed until these claims can be further researched.

Because Whole Body Health unilaterally and immediately could have stopped selling its product through Amazon, Eden Pond took this statement to mean that Whole Body Health had asked Amazon to stop <u>both</u> parties' sales – including Eden Pond's sales of its genuine Raspberry Ketone product – amounting to another wrongful effort to harm Eden Pond's business.

16.     Eden Pond responded by repeating its demand that Whole Body Health immediately stop its counterfeit sales, and asked the sender to provide a telephone number so Eden Pond could discuss its concerns in more detail.  Whole Body Health did not respond.

17.     After Amazon's temporary suspension ended, Whole Body Health's sales on Amazon continued.

18.     Sometime thereafter, Whole Body Health started deleting Eden Pond's name from the label of its counterfeit product.  As depicted below, its labels still otherwise exactly copy Eden Pond's labels:

 

Eden Pond's (left) and Whole Body Health's labels (right).

## CAUSES OF ACTION

### Claim One: Counterfeiting (15 U.S.C. § 1114)

19. Eden Pond re-alleges the allegations set forth above.

20. Eden Pond has valid and superior rights in its EDEN POND LABS trademark.

21. Defendants, without the consent of Eden Pond, have used in commerce a reproduction, counterfeit, copy, or colorable imitation of Eden Pond's EDEN POND LABS trademark in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

22. Defendants, without the consent of Eden Pond, also have used in commerce a reproduction, counterfeit, copy, or colorable imitation of Eden Pond's labels as depicted above intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

23. Defendants imitated Eden Pond's trademark and label with knowledge that such imitation was intended to be used to cause confusion, or to cause mistake, or to deceive.

24. Eden Pond is entitled to an injunction enjoining Defendants from further imitating Eden Pond's trademark and label, providing for the seizure of all goods and counterfeit

COMPLAINT -- 6

trademarks, and ordering the production of all records documenting Whole Body Health's manufacture, sale, or receipt of goods involved in its counterfeiting.

25. Under 15 U.S.C. § 1117(a) and (b), Eden Pond is further entitled to recover Defendants' profits; the amount of damages that Eden Pond has sustained; treble the amount of the greater of Defendants' profits or Eden Pond's damages; Eden Pond's costs and reasonable attorney's fees; and prejudgment interest, all in amounts to be proven at trial.

26. Eden Pond is further entitled to elect to recover statutory damages as authorized under 15 U.S.C. § 1117(c).

### Claim Two: False Designation of Origin (15 U.S.C. § 1125(a))

27. Eden Pond re-alleges the allegations set forth above.

28. Eden Pond has valid and superior rights in both its trademark and its trade dress. Its distinctive trade dress consists of the nonfunctional aspects of its label, including the font, orange color, strawberry illustration, text, and the arrangement of same.

29. Defendants' use of labels that copy identical or confusingly similar distinctive elements of Eden Pond's trademark and trade dress in connection with the same goods constitutes a false designation of origin, false or misleading description and/or false and misleading representation. Such unauthorized use of those trademarks and trade dress is likely to cause confusion, mistake or deception of others as to the affiliation, connection or association of Eden Pond and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of the nutritional supplements that Eden Pond sells.

30. Such false designations, descriptions and/or representations constitute unfair competition and infringe Eden Pond's rights in its trademark in violation of 15 U.S.C. § 1125(a).

31. Eden Pond has been and will continue to be damaged by such false descriptions, false representations, and false designations of origin in a manner that cannot be measured or compensated in economic terms. Defendants' actions have damaged and will continue to damage Eden Pond's market, reputation, and goodwill. Such irreparable harm will continue

COMPLAINT -- 7

unless Defendants' acts are restrained or enjoined.

32. Defendants' acts also have damaged Color Me House in an amount to be proven at trial.

### Claim Three: Unfair Competition Under Washington Law (RCW 19.86)

33. Eden Pond re-alleges the allegations set forth above.

34. Defendants' unauthorized use of trademarks that copy identical or confusingly similar elements of Eden Pond's trademark and trade dress in connection with the same goods in the Washington State commerce constitutes an unfair method of competition and an unfair trade practice, which is damaging to the public interest in violation of the Washington Consumer Protection/Unfair Business Practices Act, RCW 19.86.020.

35. Defendants' unfair methods of competition occur in trade or commerce and cause injury to Eden Pond's business, including the loss of sales, customers, and goodwill.

36. As a result of Defendants' unfair business practices, Eden Pond has been damaged in an amount to be proven at trial, and will be irreparably harmed if such wrongful conduct is allowed to proceed.

37. Pursuant to RCW 19.86.090, Eden Pond is entitled to its actual damages, an injunction restraining Defendants' unfair competition, its attorney's fees, and exemplary damages.

### JURY DEMAND

38. Eden Pond respectfully demands a trial by jury on all claims stated herein.

### PRAYER FOR RELIEF

WHEREFORE, Eden Pond respectfully requests judgment against Defendants, jointly and severally, as follows:

1. That the Court issue temporary, preliminary, and permanent injunctive relief against Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them be enjoined and restrained from:

COMPLAINT -- 8

       a.    importing, distributing, advertising, marketing, or selling any nutritional supplement in the United States in connection with any trademark or trade dress that is identical or confusingly similar to Eden Pond's EDEN POND LABS trademark and trade dress, including an order for impoundment and destruction of any items in Defendants' possession or control bearing infringing trademarks or trade dress; or

       b.    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) above;

2. That the Court enter an Order directing Defendants to file with this Court and serve on Eden Pond's attorneys within thirty days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3. That the Court enter an Order seizing and destroying all of Defendants' counterfeit goods;

4. That the Court enter an Order awarding Eden Pond its actual damages, Defendants' profits, statutory damages, and exemplary damages in an amount to be determined at trial;

5. That the Court enter an Order awarding Eden Pond its reasonable costs and attorney's fees;

6. That the Court enter an Order awarding Eden Pond its pre- and post-judgment interest; and

7. That the Court grant such additional relief as it deems just and appropriate.

COMPLAINT -- 9

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

1 | DATED this 9th day of July, 2013.

By /s/ Michael G. Atkins
Michael G. Atkins
WSBA# 26026
Atkins Intellectual Property, PLLC
93 South Jackson Street #18483
Seattle, WA 98104-2818
T (206) 628-0983/F (206) 299-3701
E-mail: mike@atkinsip.com
Attorneys for Eden Pond Labs LLC